IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN HOWARD GREENE, § <br> AKA JONESBOROUGH EXPRESS TRUST, § <br> PLAINTIFF, § <br> § <br> v.   § <br> § <br> INTERNAL REVENUE SERVICE, ET AL., § <br> DEFENDANTS. § | CIVIL CASE NO. 3:24-CV-1302-G-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I. BACKGROUND**

On May 29, 2024, Plaintiff John Howard Greene initiated this lawsuit against the Internal Revenue Service (IRS) and Commissioner Danny Warfel. Doc. 3 at 1. The complaint is inartfully pled, difficult to decipher and, largely, nonsensical. It is also riddled with so-called "sovereign citizen" jargon.

As best the Court can glean, the allegations relate to a tax debt and taxes collected by the IRS. Doc. 3 at 5, 13, 16, 24-26. Greene cites with minimal elaboration to (1) "Section 3, Article IV of the 1836 Texas Constitution," (2) U.S. Supreme Court cases, (3) federal statutes (including the Uniform Commercial Code (UCC)), and (4) federal regulations. Doc. 3 at 3, 6, 17-18. In the

*Civil Cover Sheet*, Greene checks the boxes for federal question jurisdiction and federal tax suit as the nature of suit. Doc. 3 at 26. He cites the UCC and describes his cause of action as "accord and satisfaction for IRS debt," and seeks $58,000 in damages. *Id.*

Upon review, the Court concludes that subject matter jurisdiction is lacking. Thus, this action should be dismissed.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject-matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case in which there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint . . . .'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

The Court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e)

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Greene has not alleged facts that establish subject matter jurisdiction.

"A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Greene's complaint, however, contains no factual allegations that support federal question jurisdiction. And Greene's fleeting mention of the UCC and other federal laws is insufficient to invoke the Court's federal question jurisdiction. *See Girard v. CitiMortgage, Inc.*, No. 12-CV-4264-N, 2013 WL 5873297, at *2 (N.D. Tex. Nov. 1, 2013) (Godbey, J.) (adopting magistrate judge's dismissal recommendation because plaintiff's "single passing reference" to a federal statute did not constitute a cause of action, and was not "sufficient to support the exercise of federal question jurisdiction"). And, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit," as in this case. *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation.").

Further, under the doctrine of sovereign immunity, the United States government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (cleaned up and citations omitted)). The sovereign immunity of the United States extends to its

agencies.  See *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Under 28 U.S.C. § 1346(a)(1), the United States consents to be sued in the district court for a tax refund.  Before suing, however, a taxpayer must exhaust his administrative remedies by filing a claim for a refund with the IRS.  *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); 26 U.S.C. § 7422(a).  Here, Greene neither requests a tax refund nor alleges that he exhausted his administrative remedies before filing this suit.  See *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); *see also Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010) ("To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code." (citations omitted))

      Also, monetary damages against Warfel, in his official capacity as IRS Commissioner, are barred by sovereign immunity because his official's actions, if any, are considered to be the actions of the federal agency by whom he is employed.  See *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citations omitted)).

      Finally, Greene's attempt to assert claims based on so-called sovereign citizenship wholly fails.

> Sovereign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018) (citations omitted), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018).

Accordingly, the complaint should be dismissed *sua sponte* and without prejudice for the complete failure to establish subject matter jurisdiction in this Court.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, the facts as alleged in Greene's complaint show a lack of subject matter jurisdiction in this Court that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

Greene's complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on June 6, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).